## Ex parte HALL.

District Court, N. D. California, S. D.
Jan. 13, 1940.

Rehearing Denied March 11, 1940.

H. Karl Hall, in pro. per.

DENMAN, Circuit Judge.

The petition, hereunto attached, of H. Karl Hall claims that he is illegally confined at the above penitentiary. It alleges he was adjudged insane by the Washoe County, West Virginia Lunacy Commission, the certificate of the Commission being made a part of the petition. The certificate does not show the character of the insanity of the petitioner. He could well have been so adjudged because of some character of insanity which did not cause him to be unable to determine his legal rights.

The petition claims that while still under such insanity commitment he was kidnapped and taken from West Virginia, where the hospital to which he was committed is situated, to the Western District of Missouri and there indicted for assisting Federal patients to escape from the United States Hospital for the criminal insane and sentenced in the proceedings under the indictment for three years and ten years "without being assisted by counsel and as he was still insane [as described in the insanity commitment's certificate] and not restored to sanity for almost another year,

he, *of course,* could not competently and intelligently waive the assistance of counsel." (Emphasis supplied.)

Since the insanity referred to is the insanity for which he was committed and since it does not appear that it is the character of insanity which would render him incapable of knowing his right of counsel and of competently waiving it, the petition does not state a cause for the writ.

The petition further embodies a transcript in a purported appeal to the United States Circuit Court of Appeals for the Ninth Circuit by the petitioner upon the denial by the District Court for the Northern District of California of another petition for the writ. The record, so incorporated in the petition, sets forth the facts adduced before the district court in that case. These facts show that while committed for insanity, the insanity was feigned and that he was sane at the time of the trial and conviction for which he was sentenced to incarceration in the United States Penitentiary at Alcatraz Island, California. The district court so viewed it. On the review of the facts thus incorporated in the petition, in my opinion they show the petitioner's insanity was feigned and do not show that he was incapable of judging his legal rights at the time of the trial.

Petition denied.